Gene R. TROTTER, Petitioner,

v.

Ray H. PAGE, Warden, and The State of Oklahoma, Respondents.

No. A-13850.

Court of Criminal Appeals of Oklahoma.

Feb. 2, 1966.

Gene R. Trotter, petitioner, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge:

Gene R. Trotter, #61169, a prisoner in the Oklahoma State Penitentiary, has filed in this Court his petition for a writ of mandamus.

Petitioner alleges that he escaped from the Oklahoma State Penitentiary on or about December 17, 1958, and on December 20, 1958 was captured by the sheriff of Grayson County, Texas, and charged with robbery by assault and theft of over $50 in said county. That on January 19, 1959 he was sentenced by the district court of Grayson County, Texas, to serve 25 years and 10 years in the State penitentiary of Texas on said charges. That on the same day petitioner was turned over to the deputy warden of the Oklahoma State Penitentiary, and returned to Oklahoma, to complete his sentence there.

Petitioner further states that the State of Texas has placed a "detainer" against him with the authorities of the Oklahoma State Penitentiary. He alleges that said detainer is illegal and unlawful, and that the State of Texas waived its right to jurisdiction over the person of petitioner when he was released to the Oklahoma authorities, and prays that this Court grant the writ of mandamus and order said detainer dismissed.

The Attorney General has filed a demurrer on behalf of the Respondents, and the demurrer, for the reasons urged by the Attorney General, must be sustained.

We have held that in cases of this nature, the Court of Criminal Appeals of the State of Oklahoma has no jurisdiction over the authorities of other states, and does not have authority to order the dismissal of a detainer or hold order properly filed against a prisoner in the State Penitentiary by a foreign State. Langham v. Cochran, Okl. Cr., 357 P.2d 583; Gill v. Raines, Okl. Cr., 378 P.2d 778.

The demurrer of the Respondent is sustained, and the petition for writ of mandamus is denied, and the petition dismissed.

BUSSEY, P. J., and NIX, J., concur.